UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
JACINTO LADINO,

                                                   Plaintiff,

                -against-                                            **COMPLAINT**

THE RIDGEWOOD ALE HOUSE INC.                     **FLSA COLLECTIVE**
d/b/a THE RIDGEWOOD ALE HOUSE
and MARCOS CORDOVA,
individually,

                                                   Defendants.

-------------------------------------------------------------------------X

Plaintiff Jacinto Ladino (hereinafter referred to as "Ladino" or "Plaintiff"), on behalf of himself and all other similarly situated current and former employees, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of The Ridgewood Ale House Inc. d/b/a The Ridgewood Ale House ("The Ridgewood Ale House") and Marcos Cordova (collectively "Defendants"), alleges the following:

## **NATURE OF THE ACTION**

1. This is a civil action brought by Plaintiff to recover unpaid earned wages and overtime wages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"). Plaintiff and all other similarly situated non-exempt workers work or have worked as kitchen workers for The Ridgewood Ale House.

2. Plaintiff brings this action on behalf of himself and all other similarly situated current and former non-exempt workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants.

3. Plaintiff worked at The Ridgewood Ale House, located at 57-38 Myrtle Ave, Queens, NY 11385, from on or about August 2015 through on or about October 19, 2019.

4. In addition, Defendants failed to provide Notice and Acknowledgement of Pay Rate and Payday under Section 195(1) of the NYLL as well as accurate wage statements as required under Section 195(3) of the NYLL.

5. Plaintiff also brings this action under the New York Labor Law § 663 et seq. for failure to pay Plaintiff his earned wages for the final weeks of his employment.

6. Plaintiff seeks injunctive and declaratory relief against Defendants' unlawful actions, compensation for Defendants' failure to pay earned wages and overtime wages, liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA and NYLL.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b)(c), and 217; and 28 U.S.C. § 1337.

8. This Court has jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(c), because all or a substantial part of the events or omissions giving rise to the claims occurred within this district.

## PARTIES

**Plaintiff Jacinto Ladino**

10. Plaintiff is and was at all times relevant hereto an adult individual residing in Queens County, New York.

11. Plaintiff worked at Defendants from on or about August 2015 through on or about October 19, 2019.

12. Plaintiff was employed by Defendants as a kitchen worker.

13. Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

**Defendant The Ridgewood Ale House Inc.**

14. On information and belief, The Ridgewood Ale House Inc. is doing business as The Ridgewood Ale House.

15. The Ridgewood Ale House is a restaurant and bar located at 57-38 Myrtle Ave, Queens, NY 11385.

16. At all times relevant to this action, The Ridgewood Ale House was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. On information and belief, Marcos Cordova maintains control, oversight and direction over The Ridgewood Ale House.

18. On information and belief, The Ridgewood Ale House has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.00.

**Defendant Marcos Cordova**

19. Marcos Cordova is a person engaged in business in Queens County, who is sued individually in his capacity as an owner, officer and/or agent of The Ridgewood Ale House.

20. On information and belief, Marcos Cordova maintains control, oversight and direction over The Ridgewood Ale House.

21. On information and belief, Marcos Cordova is the owner of The Ridgewood Ale House.

22. Marcos Cordova exercises sufficient control over The Ridgewood Ale House to be considered Plaintiff's employer under the FLSA and NYLL, and at all time material hereto said defendant had the authority to hire and fire Plaintiff and established and maintained policies regarding the pay practices at The Ridgewood Ale House.

23. Marcos Cordova had substantial control over Plaintiff's working conditions and practices alleged herein.

## COLLECTIVE ACTION ALLEGATIONS

24. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of himself and all other similarly situated persons who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

25. The FLSA Collective consists of approximately 25 similarly situated current and former kitchen workers who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime wages.

26. As part of their regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern and/or policy of violating the FLSA. This policy includes, inter alia, the following: failing to pay employees the applicable overtime rate for all time worked in excess of forty (40) hours per week.

27. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing costs and denying employees legally required compensation. Defendants'

unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

28. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

29. The FLSA and NYLL require that employers pay all employees at least one and one-half (1.5) times the employee's wage for all hours worked in excess of 40 during any work week, unless they are exempt from coverage.

30. Defendants failed to compensate Plaintiff and the FLSA Collective at one and one-half times the employee's wage for all hours worked in excess of 40 during any work week. The exact accounting of such discrepancy can only be determined upon completion of discovery.

31. Plaintiff and the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 195(1); and anything otherwise required by law.

## FACTS

32. Plaintiff was employed as a kitchen worker for Defendants from on or about August 2015 through on or about October 19, 2019.

33. Plaintiff's primary job duties as a kitchen worker were preparing pizzas and washing dishes.

34. Throughout his employment with Defendants, Plaintiff regularly worked more than 40 hours each week.

35. Throughout his employment with Defendants, Plaintiff was not paid overtime.

36. Rather, Plaintiff was paid a fixed weekly salary that was not inclusive of overtime.

37. Defendants never discussed overtime work or what constituted Plaintiff's overtime rate of pay with Plaintiff.

38. Defendants did not require Plaintiff to clock in and clock out each day.

39. Plaintiff received a meal break of approximately 10 minutes each day.

40. Defendants never provided Plaintiff with any documentation as to his hours or his rate of pay.

41. Throughout his employment, Plaintiff was scheduled to work six days per week, Monday through Saturday.

42. Monday through Wednesday, Plaintiff was scheduled to work from 6 p.m. to 1 a.m.

43. On Thursdays, Plaintiff was scheduled to work from 6 p.m. to 2 a.m.

44. On Fridays and Saturdays, Plaintiff was scheduled to work from 6 p.m. to 4 a.m.

45. In addition to his scheduled hours on Fridays and Saturdays, Plaintiff was often required to stay longer. Plaintiff usually stayed between one to two extra hours.

46. From on or about August 2015 through on or about June 2017, Plaintiff was paid $700 per week.

47. From on or about July 2017 through on or about October 19, 2019, Plaintiff was paid $800 per week.

48. Plaintiff was paid each week on Saturday.

49. Plaintiff's salary was not inclusive of overtime. Rather, he was only paid for the first 40 hours he worked.

50. Defendants paid Plaintiff each week in currency (cash).

51. For the weeks of October 6, 2019 through October 19, 2019 Plaintiff worked, Plaintiff never received payment from Defendants.

## Defendants' Violations of the Wage Theft Protection Act

52. The NYLL and Wage Theft Prevention Act require employers to provide all employees with a written notice of wage rates.

53. Throughout the relevant time period, Defendants paid Plaintiff's wages without the proper accompanying statement listing the overtime rate or rates of pay, the number of regular hours worked and the number of overtime hours worked, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages.

54. Plaintiff was never given a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law.

## FIRST CAUSE OF ACTION
### Failure to Pay Earned Wages in Violation of New York Labor Law
### (On Behalf of Plaintiff)

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Throughout the relevant time period, Plaintiff was an "employee" within the meaning of the New York Labor Law.

57. At all relevant times, Defendants were "employers" within the meaning of the NYLL.

58. Defendants failed to pay Plaintiff his earned wages for the periods of time and in the manner as set forth above.

59. Defendants' actions in failing to pay Plaintiff his earned wages were willful and not based on any good faith belief of compliance with NYLL §663, *et seq.*

60. As a result of the foregoing, Plaintiff has been denied wages required under NYLL §§663 *et seq.*, and is entitled to an award of unpaid wages in an amount to be determined at trial, plus liquidated damages, pre-judgment interest and reasonable attorneys' fees and costs.

## SECOND CAUSE OF ACTION
### Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act
### (On Behalf of Plaintiff and the FLSA Collective)

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Throughout the relevant time period, Plaintiff and the FLSA Collective worked in excess of forty (40) hours per work week.

63. At all relevant times throughout his employment, Defendants operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for work in excess of forty (40) hours per work week,

and willfully failing to keep records required by the FLSA, even though Plaintiff was entitled to receive overtime payments.

64. At all relevant times throughout Plaintiff's employment, Defendants willfully, regularly and repeatedly failed to pay the required overtime rate of one and one-half times his regular hourly rate for hours worked in excess of forty (40) hours per work week.

65. Defendants' decision not to pay overtime to Plaintiff and the FLSA Collective was willful.

66. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
**Failure to Pay Overtime Compensation in Violation of New York Labor Law
(On Behalf of Plaintiff)**

67. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

68. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NYLL § 652 and 12 NYCRR §142-2.2.

69. Defendants failed to pay Plaintiff the overtime premium of one and a half times the regular hourly rate of pay, in violation of the NYLL.

70. Defendants' failure to pay required overtime was willful.

71. As a result of Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants unpaid overtime wages and liquidated damages, as well as reasonable attorneys' fees and the costs of this action, including interest, pursuant to the NYLL.

## FOURTH CAUSE OF ACTION
### Failure to Provide Annual Wage Notices in Violation of New York Labor Law
### (On Behalf of Plaintiff)

72. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

73. Defendants willfully failed to supply Plaintiff with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate, including but not limited to overtime rates of pay and basis thereof; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191.

74. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

75. Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff is entitled to statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

## FIFTH CAUSE OF ACTION
### Failure to Provide Wage Statements in Violation of New York Labor Law
### (On Behalf of Plaintiff)

76. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

77. Defendants willfully failed to supply Plaintiff with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that

payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

78. Through their knowing or intentional failure to provide Plaintiff with the wage statements required by the NYLL, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Relations regulations.

79. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff is entitled to statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against Defendants, The Ridgewood Ale House Inc. d/b/a The Ridgewood Ale House and Marcos Cordova, jointly and severally, as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Damages for the unpaid overtime pay due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, along with liquidated damages as provided for by the FLSA;

(c) Damages for the unpaid overtime pay due to Plaintiff, along with liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

(d) Statutory penalties of fifty dollars for each work day that Defendants failed to provide Plaintiff with a wage notice, or a total of five thousand dollars, as provided for by NYLL, Article 6, § 198;

(e) Statutory penalties of two hundred and fifty dollars for each work day that Defendants failed to provide Plaintiff with accurate wage statements, or a total of five thousand dollars as provided for by NYLL, Article 6, § 198;

(f) For pre-judgment and post-judgment interest on the foregoing amounts;

(g) For costs and disbursements of this action, including attorneys' fees and expenses; and,

(h) For such other further and different relief as this Court deems just and proper.

Dated: May 3, 2021
New York, New York

**THE LAW OFFICES OF JACOB ARONAUER**

By: */s/ Jacob Aronauer*
Jacob Aronauer, Esq.
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com
*Attorney for Plaintiff*