UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACINTO LADINO,<br><br>        Plaintiff,<br><br> -against-<br><br>THE RIDGEWOOD ALE HOUSE INC. d/b/a THE RIDGEWOOD ALE HOUSE and MARCOS CORDOVA, individually,<br><br>        Defendants.<br><br>THE RIDGEWOOD ALE HOUSE INC. d/b/a THE RIDGEWOOD ALE HOUSE and MARCOS CORDOVA, individually,<br><br>        Third-Party Plaintiffs,<br><br> -against-<br><br>LOUIE SELAMAJ, individually,<br><br>        Third-Party Defendant. | Case No. 21-cv-02449-ARR-SJB |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
<u>MOTION FOR CONDITIONAL CERTIFICATION</u>**

 

**McLAUGHLIN & STERN, LLP**

Brett R. Gallaway, Esq.
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100

*Attorneys for Defendants*

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 4

    A.  Standard of Review .................................................................................................. 4

    B.  Plaintiff Has Failed to Demonstrate He is Similarly Situated to Other Potential Class Members ................................................................................................................... 5

    C.  Plaintiffs Have Failed to Set Forth a Common Illegal Policy or Practice ......................... 13

    D.  Plaintiff's Proposed Notice and Scope of the Collective Class ......................................... 14

CONCLUSION ............................................................................................................................. 14

## **TABLE OF AUTHORITIES**

**Cases**

*Ali v. New York City Health and Hospitals Corp.*,
   2013 WL 1245543, at *3 (S.D.N.Y. Mar. 27, 2013) ................................................................ 9

*Barfield v. New York City Health and Hospitals Corp.*,
   2005 WL 3098730 (S.D.N.Y. Nov. 18, 2005) ........................................................................... 9

*Colozzi v. St. Joseph's Hosp. Health Ctr.*,
   595 F.Supp.2d 200 (N.D.N.Y. 2009) .................................................................................... 5, 6

*Davis v. Abercrombie & Fitch Co.*,
   2008 WL 4702840 (S.D.N.Y. Oct. 23, 2008) ........................................................................... 5

*DeSilva v. North Shore-Long Island Jewish Health System, Inc.*,
   2014 WL 2534833 (E.D.N.Y. June 5, 2014) ............................................................................ 3

*Eng-Hatcher v. Sprint Nextel Corp.*,
   2009 WL 7311383 (S.D.N.Y. 2009) ....................................................................................... 13

*Feng v. Hampshire Times*,
   2015 WL 1061973 (S.D.N.Y. 2015) ......................................................................................... 8

*Flores v. Osaka Health SPA, Inc.*,
   2006 WL 695675 (S.D.N.Y. Mar. 16, 2006) ...................................................................... 4, 10

*Fu v. Mee May Corp.*,
   2016 WL 1588132 (S.D.N.Y. Apr. 20, 2016) ................................................................. 4, 7, 11

*Hoffman v. Sbarro, Inc.*,
   982 F.Supp.249 (S.D.N.Y. 1997) ............................................................................................. 6

*Indergit v. Rite Aid Corp.*,
   2010 WL 2465488 (S.D.N.Y. June 16, 2010) .......................................................................... 4

*Khan v. Airport Mgmnt. Servs., LLC*,
   2011 WL 5597371 (S.D.N.Y. Nov.16, 2011) ........................................................................... 5

*Levinson v. Primedia Inc.*,
   2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003) ......................................................... 10, 12

*Lynch v. United Servs. Auto Ass'n*,
   491 F. Supp. 2d 357 (S.D.N.Y. 2007) ....................................................................................... 4

*Mata v. Foodbridge, LLC*,
   2015 WL 3457293 (S.D.N.Y. 2015) ..................................................................................... 8, 9

*Mendoza v. Casa de Cambio Delgado, Inc.*,
 2008 WL 938584 (S.D.N.Y. Apr. 7, 2008) ................................................................................ 4

*Morales v. Plantworks, Inc.*,
 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) ...................................................................... 4, 6, 13

*Myers v. Hertz Corp.*,
 624 F.3d 537 (2d Cir. 2010) ...................................................................................................... 6

*Prizmic v. Armour, Inc.*,
 2006 WL 1662614 (E.D.N.Y. June 12, 2006) ..................................................................... 5, 13

*Qi Zhang v. Bally Produce, Inc.*,
 2013 WL 1729274 (S.D.N.Y. Apr. 22, 2013) .......................................................................... 10

*Qing Gu v. T.C. Chikurin, Inc.*,
 2014 WL 1515877 (E.D.N.Y. 2014) ............................................................................... 6, 8, 11

*Reyes v. Nidaja, LLC*,
 2015 WL 4622587 (S.D.N.Y. Aug. 3, 2015) .................................................................. 4, 7, 10

*Sanchez v. JMP Ventures, L.L.C.*,
 2014 WL 465542 (S.D.N.Y. Jan. 27, 2014) ............................................................... 6, 7, 12, 13

*Vasquez v. Vitamin Shoppe Industries Inc.*,
 2011 WL 2693712 (S.D.N.Y. 2011) .......................................................................................... 6

*Williams v. Accredited Home Lenders, Inc.*,
 2006 WL 2085312 (N.D.Ga.,2006) ........................................................................................... 5

**Statutes**

Fair Labor Standards Act ................................................................................................... passim

New York Labor Law ................................................................................................................ 9

**PRELIMINARY STATEMENT**

Defendants The Ridgewood Ale House, Inc. and Marcos Cordova (collectively as "Defendants" unless otherwise indicated) submit this memorandum of law in opposition to Plaintiff Jacinto Ladino's ("Plaintiff") motion for conditional certification under the Fair Labor Standards Act ("FLSA"). *See* Dkt. Nos. 27-30.[1]

Defendant, The Ridgewood Ale House, Inc. ("Ridgewood"), is an independently owned restaurant incorporated under the laws of New York, with its only location at 57-38 Myrtle Avenue, Queens New York 11385. Defendant, Marcos Cordova ("Cordova"), is the current owner of Ridgewood. However, Cordova purchased Ridgewood in April 2019 from third-party defendant Louie Selamaj ("Selamaj"). *See* Declaration of Marcos Cordova ("Cordova Dec."); Dkt. No. 25 at ¶ 3. Plaintiff alleges that he was employed at Ridgewood from approximately August 2015 until October 19, 2019. *See* Declaration of Jacinto Ladino ("Ladino Dec."); Dkt. No. 30 at ¶ 1. At all times prior to April 2019, Cordova had no substantive involvement whatsoever in Ridgewood and certainly no control over the operations of the restaurant, including but not limited to decisions about employee pay, work schedules, meal breaks and payroll records. *See* Cordova Dec. at ¶ 4.

As the solitary basis for collective certification, Plaintiff submits only his own unsubstantiated, incomplete, and contradicted declaration. *See* Ladino Dec. This declaration contains refuted statements about Plaintiff's own experience and only vaguely references two other "kitchen employees", at least one of which ("Jesus"), along with seven other employees, submitted declarations which completely invalidate Plaintiff's unsubstantiated allegations. *See* Declaration of Brett Gallaway in Support of Defendants Motion in Opposition to Plaintiff's Motion for Collective Certification ("Gallaway Dec."), Exhibits B-I. Moreover, the only other alleged

---

[1] While counsel for Defendants does not represent the third-party Defendant, Louie Selamaj, I have conferred with counsel for Mr. Selamaj who joins in this opposition.

employee identified by Plaintiff in his declaration, "Pedro" never worked for Defendants. *See* Gallaway Dec., Ex. A.

Importantly, Plaintiff fails to substantiate, with even a modicum of specificity, any of the claims or allegations in the complaint or any surrounding details regarding other purported similarly situated current and former non-exempt hourly paid kitchen workers ("Employees").[2] Importantly, Plaintiff states that he "does not know how much each employee was paid" and claims, without any specificity as to the dates, times, places or context of the conversation that "on several occasions I spoke with Jesus." *See* Ladino Dec. at ¶ 16.[3] Moreover, Plaintiff names "Pedro" as the only other employee whom he purportedly spoke with without giving any context or required specificity into the nature and detail of these conversations. *See id* at ¶ 17. Defendants do not have any record of a "Pedro" being employed as a kitchen worker during the relevant time frame. *See* Gallaway Dec., Ex. B. It appears as if Plaintiff is simply fabricating this person and conversation. Or at minimum, Plaintiff's declaration does not allow Defendants or the Court sufficient context to give it weight or credibility for purposes of collective certification.

Furthermore, Plaintiff only lists these two co-workers by first name, despite having worked at Defendants' restaurant and presumably with these individuals for over four years, thus casting significant doubt on the reliability of these statements. *See* Ladino Dec. ¶¶ 16-18. Plaintiff's declaration, which forms the sole support for his motion, falls woefully short of meeting the

---

[2] Given that Plaintiff does not identify the proposed collective in his motion, but refers to the requested class list as compromising of all "kitchen Workers who were employed at the Ridgewood Ale House…" Defendants rightfully assume that the proposed collective only compromises "Kitchen Workers" at Ridgewood. *See* Dkt. No. 28, Pg. 10.

[3] Defendants only employed one individual named "Jesus" during the tenure of Plaintiff's employment. This individual was Jesus Ortiz. Mr. Ortiz was hired to work as a secondary pizza maker, similar to Plaintiff, specifically so neither would have to work overtime hours. Importantly, Jesus submitted his own affidavit, prior to the filing of Plaintiff's motion, which completely contradicts and negates Plaintiff's baseless and unsupported testimony. *See* Gallaway Dec., Ex B. Additionally, Mr. Ortiz is a former employee and has nothing to gain by submitting this affidavit.

Second Circuit's standard of credibility for conditional certification and demonstrates Plaintiff's "rushed effort to get a class conditionally certified and investigate grounds for the lawsuit later." *DeSilva v. North Shore-Long Island Jewish Health System, Inc.*, 2014 WL 2534833, at *15 (E.D.N.Y. June 5, 2014).

Additionally, Plaintiff fails to set forth any evidence of a common illegal policy, practice or scheme that affects all Employees. Plaintiff simply asserts that Defendants did not pay overtime to other Employees because "on several occasions" he spoke with only two other Employees. *See* Ladino Dec. ¶¶ 15-18. Plaintiff fails to give any specificity or other surrounding details about these conversations or the basis of his belief as to how other employees were compensated – and in fact admits he does not know how much other employees were compensated. *See id* at ¶ 15. Plaintiff only identifies two other Employees' partial names and fails to describe when his conversations with them occurred, how often, what was discussed, how much each Employee is owed or any other supporting evidence that would indicate Defendants implemented a common unlawful pay policy or practice. Importantly, one of these identified employees, "Jesus" refuted Plaintiff's allegations and signed a declaration before Plaintiff ever even filed his motion, and the other employee, "Pedro" never worked for Defendants. *See* Gallaway Dec., Exhibits A-B. Furthermore, in addition to Jesus, Plaintiff's declaration has been rebuked by seven other Employees. *See* Gallaway Dec., Exhibits C-I.

As Plaintiff's single unsupported barebones declaration fails to meet the standard for conditional certification, the Court should deny Plaintiff's' Motion to conditionally certify an entire collective class of all current and former Employees.

# ARGUMENT

### A. Standard of Review

§216(b) of the FLSA authorizes the Court to conditionally certify a class of plaintiffs and permit the mailing of court-authorized notice to potential opt-in plaintiffs when representative plaintiffs have demonstrated that they are similarly situated to the potential opt-in plaintiffs. *See Indergit v. Rite Aid Corp.*, 2010 WL 2465488, at *1 (S.D.N.Y. June 16, 2010); *Lynch* v. *United Servs. Auto Ass'n,* 491 F. Supp. 2d 357, 368 (S.D.N.Y. 2007). In order to satisfy the "similarly situated" standard, a representative plaintiff must make a "'modest factual showing' that [plaintiff] and the other putative collective action members 'were victims of a common policy that violated the law.'" *Indergit,* 2010 WL 2465488 at *3 (internal citations omitted); *Flores v. Osaka Health SPA, Inc.*, 2006 WL 695675 (S.D.N.Y. Mar. 16, 2006) (denying plaintiffs motion for conditional certification of a class for failing to make a "modest showing" that she and the potential opt-in plaintiffs were victims of a common policy); *Morales v. Plantworks, Inc.*, 2006 WL 278154 (S.D.N.Y. Feb. 2, 2006) (same).

This requirement will only be met when the named plaintiffs have set forth factual allegations, not conclusory or uncorroborated allegations, demonstrating a nexus between their grievances and those of the potential opt-in plaintiffs with respect to their employer's purported violation of the FLSA. *See Id.; see also, Fu v. Mee May Corp.*, 2016 WL 1588132, at *2 (S.D.N.Y. Apr. 20, 2016) ("[a] plaintiff must provide some actual evidence of a factual nexus between him and the rest of the class he seeks to represent; conclusory allegations will not suffice.") (internal citations omitted); *Mendoza v. Casa de Cambio Delgado, Inc.*, 2008 WL 938584, at *1 (S.D.N.Y. Apr. 7, 2008) (same). Furthermore, "[d]eclarations submitted in connection with motions for certification must allege facts showing such a nexus, not mere statements that others are similarly situated." *Reyes v. Nidaja, LLC*, 2015 WL 4622587, at *2 (S.D.N.Y. Aug. 3, 2015); *Davis v.*

*Abercrombie & Fitch Co.*, 2008 WL 4702840, at *9 (S.D.N.Y. Oct. 23, 2008) (stating that the named plaintiff has made a "modest factual showing" when the plaintiff has offered <u>substantial</u> allegations of a factual nexus between plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation.) (internal citations omitted).

Although only a modest showing is required of a plaintiff seeking leave to proceed pursuant to Section 216(b), "[a] plaintiff must provide actual evidence of a factual nexus between his situation and those that he claims are similarly situated .... [a]bsent such a showing, an employer may be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense." *Prizmic v. Armour, Inc.*, 2006 WL 1662614, at *2 (E.D.N.Y. June 12, 2006) (internal quotations omitted); *see also Khan v. Airport Mgmt. Servs., LLC,* 2011 WL 5597371, at *5 (S.D.N.Y. Nov.16, 2011) (noting that, "[w]hile plaintiff's burden at this stage is modest, it is not non-existent").

While §216(b) of the FLSA permits individuals to bring actions on behalf of those "similarly situated," courts must take a measured approach when addressing a request for collective action certification and be "mindful of the potential burden associated with defending against an FLSA claim involving a broadly defined collective group of plaintiffs." *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F.Supp.2d 200, 207 (N.D.N.Y. 2009); *Williams v. Accredited Home Lenders, Inc.*, 2006 WL 2085312, at *5 (N.D.Ga.,2006) (conditional certification of a collective action frequently subjects employers to "mindboggling" discovery). Plaintiff has failed to demonstrate that this Court should intervene at this level.

### B. Plaintiff Has Failed to Demonstrate He is Similarly Situated to Other Potential Class Members

In order to succeed on his motion for conditional certification, Plaintiff must show that he is "similarly situated" with potential class members. The term "similarly situated" is not defined

by the FLSA or its implementing regulations. *Hoffman v. Sbarro, Inc.*, 982 F.Supp.249, 261 (S.D.N.Y. 1997). However, courts have fashioned a test whereby a plaintiff must "demonstrate similarity among the individual situations…some identifiable factual nexus which binds the named plaintiffs and potential class members together as victims of a particular alleged discrimination." *Colozzi v. St. Joseph's Hosp. Health Ctr.*, 595 F.Supp.2d at 207. When plaintiffs offer only conclusory allegations in their complaint or conditional certification motion, "they have offered nothing of evidentiary value." *Morales v. Plantworks, Inc.*, 2006 WL 278154 at *3; *see also Myers v. Hertz Corp.*, 624 F.3d 537, 555 (2d Cir. 2010) (Although the plaintiff's conditional certification burden is "modest," it is not non-existent, and "cannot be satisfied simply by unsupported assertions.") (internal citations omitted); *Vasquez v. Vitamin Shoppe Industries Inc.*, 2011 WL 2693712, at *3 (S.D.N.Y. 2011) ("Certification is not automatic"); *Qing Gu v. T.C. Chikurin, Inc.*, 2014 WL 1515877, at *3 (E.D.N.Y. 2014). ("Although plaintiff's burden is not onerous, they must provide actual evidence of a factual nexus between their situation and those that they claim are similarly situated rather than mere conclusory allegations"). Furthermore, "the notice and opt-in process outlined by the FLSA is not a discovery device to determine whether conditional certification is appropriate. More is required under the law, even at the first stage of the conditional certification process." *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014).

In the instant case, Plaintiff makes threadbare and conclusory allegations in his declarations with respect to allegedly similarly situated employees. *See* Ladino Dec. at ¶¶ 15-18. This meager boilerplate offering is insufficient as a matter of law to establish the necessary 'similarly situated' factual nexus with other employees. A relevant decision from Judge Failla, with very similar

declarations to those in this case, highlights the burden on Plaintiff to provide sufficient factual evidence in declarations submitted in support of his collective certification motion:

> "[A]plaintiff cannot simply state his belief that others are similarly situated based on conversations with or observations of those other potential opt-in members; rather, he must supply additional detail regarding the particular conversations or observations substantiating that belief. There is a "consensus in this district that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes*, 2015 WL 4622587, at *3; *see also Sanchez v. JMP Ventures, L.L.C.*, No. 13 Civ. 7264 (KBF), 2014 WL 465542, at *2 (S.D.N.Y. Jan. 27, 2014) ("Plaintiff does not, however, provide *any* detail as to a *single* such observation or conversation. As a result, the Court does not know where or when these observations or conversations occurred, which is critical in order for the Court to determine the appropriate scope of the proposed class and notice process." (emphases in original))."

*Fu v. Mee May Corp.*, 2016 WL 1588132, at *2 (S.D.N.Y. 2016)

Courts in this District routinely deny collective certification based on similar barebones and unsubstantiated boilerplate declarations. In *Sanchez v. JMP Ventures, LLC,* ("*Sanchez*") the court rejected conditional certification where the plaintiff made factual allegations about his own underpayment and alleged that those policies were "common practice" at defendant's restaurants based on "observations" and "conversations" with other employees. 2014 WL 465542 at *2. The *Sanchez* court denied collective certification, noting that because plaintiff did not provide *"any* detail as to a *single* such observation or conversation, ... the [c]ourt is left with a list of generalized allegations that have been molded into a declaration which reads similarly to the complaint." *Id.* (emphasis in the original). Here, Plaintiff has not offered any factual support or detail from any purported conversations, but merely contends that "on several occasions [he] spoke with Jesus." *See* Ladino Dec. ¶ 16. Moreover, as indicated, Defendants do not have any records of an employee named "Pedro" ever having worked at Ridgewood and Plaintiff fails to give any context as to his purported conversations with "Pedro" that would allow Defendants or the Court to infer the validity of the statements. *See* Gallaway Dec., Ex. A. A single unsupported statement about highly

suspect observations in the Plaintiff's declaration is plainly insufficient to warrant conditional certification.

Moreover, to meet his burden, Plaintiff is "obligated to provide some probative information regarding similarly situated employees such as their names, their duties and their hours worked." *Feng v. Hampshire Times*, 2015 WL 1061973, at *3 (S.D.N.Y. 2015) (quoting *Qing Gu v. T.C. Chikurin, Inc.*, 2014 WL 1515877, at *3 (E.D.N.Y. 2014). In *Feng*, the court denied the plaintiffs' motion for conditional certification because the plaintiffs failed to provide a sufficient factual record to demonstrate that they and the putative plaintiffs had similar duties, worked similar hours, and were subject to a companywide unlawful wage and hour policy or practice. There, the plaintiffs submitted virtually identical affidavits from the named plaintiffs asserting that they worked as deliverymen for the defendants, did not receive overtime compensation for time worked in excess of forty hours per week and were required by defendants to purchase and maintain a bicycle to make deliveries without reimbursement. *Id*. at *2-3. In denying the plaintiff's motion, the court noted, "while each of the named plaintiffs worked as a deliveryman and asserts that he was subject to Defendants' common policy in violation of the FLSA, Plaintiffs have not provided the Court with anything on which to determine that there are other similarly situated deliverymen employed by Defendants." *Id*. at *3. The court emphasized that the plaintiffs did not describe who the other employees were, what their base salary was, whether they are delivery persons, or whether they work enough to qualify for overtime compensation. *Id*.

Similarly, in *Mata v. Foodbridge, LLC,* 2015 WL 3457293, at *1 (S.D.N.Y. 2015), the court also denied a plaintiff's motion for conditional certification due to the plaintiff's failure to establish a sufficient factual record demonstrating that the proposed collective was subjected to a common unlawful policy. There, similar to the instant case, the plaintiff, a pizza counterperson,

sought to certify a class comprised of cooks, line-cooks, food preparers, dishwashers, delivery persons, counter persons, and cashiers employed by the defendants. The plaintiff provided a declaration describing the terms of his employment, the compensation he received from the defendant and alleged, "through observations of and conversations with other employees, he learned that they were subject to similar violations of the FLSA and NYLL." *Id*. at 3. In denying the plaintiff's motion, the court noted that although the plaintiff's declaration listed the names and titles of seventeen coworkers, whereas in this case there are only two, the plaintiff did not include any concrete facts evidencing a common scheme or plan of wage and hour violations for employees engaged in different job functions. *Id*. at 3. Additionally, the court emphasized that while the "plaintiff relies exclusively on observations of and conversations with coworkers to make the factual showing required of him at this stage of the proceeding, he does not ... provide any detail as to a single ... observation or conversation" informing his decision to bring a collective action." *Id*. at 4.

Furthermore, in *Ali v. New York City Health and Hospitals Corp.*, the court denied a motion for conditional certification where the "sole basis" for the plaintiff's belief that others were similarly situated was "conversations with other respiratory therapists," without providing additional information about the conversations or their substance. 2013 WL 1245543, at *3 (S.D.N.Y. Mar. 27, 2013). Similarly, in *Barfield v. New York City Health and Hospitals Corp.*, the Court denied conditional certification where a plaintiff offered "nothing but limited anecdotal hearsay" to support the idea that other nurses were similarly situated. 2005 WL 3098730, at *1 (S.D.N.Y. Nov. 18, 2005). Additionally, in *Levinson v. Primedia Inc.*, ("*Levinson*") the court denied conditional certification to plaintiffs who alleged a companywide policy but "fail[ed] to support this legal conclusion with a factual showing that extends beyond their own circumstances."

2003 WL 22533428, at *2 (S.D.N.Y. Nov. 6, 2003). The *Levinson* court deemed the plaintiffs' statement that "for many guides, and perhaps most guides, myself included, the monthly compensation that was received was often less than the minimum wage" to be insufficient. *Id.* Moreover, in *Flores v. Osaka Health Spa, Inc.*, the court found a Complaint factually insufficient for conditional certification where the plaintiff stated that "it is my understanding that the other massage therapists working my shift did the same" amount of work, without explaining what that understanding was based on. 2006 WL 695675 at *3. These cases show a "consensus in this District that where a plaintiff bases an assertion of a common policy on observations of coworkers or conversations with them, he must provide a minimum level of detail regarding the contents of those conversations or observations." *Reyes v. Nidaja, LLC*, 2015 WL 4622587 at *2-3.

Moreover, Plaintiff's declaration lacks any specificity as to the wages, hours and policies that applied to the other two employees who allegedly worked for Defendants. In *Qi Zhang v. Bally Produce, Inc.*, ("*Bally Produce*"), the court denied conditional certification where the plaintiff failed to show that the other members of his proposed class had similar duties, responsibilities, and lines of supervision. 2013 WL 1729274, at *3 (S.D.N.Y. Apr. 22, 2013). Although the *Bally Produce* plaintiff argued that an affidavit from a single plaintiff could be sufficient to establish that other proposed class members were similarly situated, the court took issue not with the use of an affidavit, but rather "with the quality of the plaintiff's evidence, which fails to address the duties and responsibilities of the other [coworkers]." *Id*. The *Bally Produce* court held that these type of vague statements fail to establish a factual nexus between plaintiffs and the coworkers they seek to include in their class. *See also, Reyes v. Nidaja, LLC*, 2015 WL 4622587 at *3 (same).

Here, the purported conversations between Plaintiff and the two other Employees: "Jesus" and "Pedro" form the sole basis upon which Plaintiff relies to satisfy the evidentiary standard required for conditional certification. These two individuals are identified only by their first name and none of them have submitted their own declarations to support Plaintiffs' claims.[4] To the extent Plaintiff seek also to represent a collective of all current and former Employees, Plaintiff has failed to submit sufficient evidence that these workers, which only include approximately 10 Employees, working in different kitchen job roles under different supervisors and owners during different time periods, have any factual nexus similar to Plaintiff.

Plaintiff does not even provide the most basic details about the specific conversations or observations with the two potential opt-ins, and merely insert boilerplate language that he "believe[s] that Cordova took advantage of Hispanic immigrants by not paying us for all the hours worked" *See* Ladino Dec. ¶ 13. This unsupported conclusory language falls short of even the modest standard for conditional certification in this District. *See Fu v. Mee May Corp.*, 2016 WL 1588132 at *4 (Conditional certification denied where "plaintiffs make the same lone, conclusory allegation in each of their declarations with respect to allegedly similarly situated employees, and they do not even proffer bare-boned allegations concerning the specific conversations with the three potential opt-ins, only repeating the same boilerplate language in each Declaration.") (internal quotations omitted); *see also, Qing Gu v. T.C. Chikurin, Inc.*, 2014 WL 1515877 at *3 (Conditional certification denied when plaintiffs make only general allegations that other employees of defendants were denied overtime compensation and plaintiffs fail to provide any

---

[4] Importantly, as indicated "Jesus" submitted his own declaration which negates Plaintiff's testimony and states that Plaintiff's allegations are false and without merit. *See* Gallaway Decl., Exhibit. B. This declaration from Jesus is corroborated by the sworn testimony of seven other employees. *See id* at Exhibits C-I. Furthermore, Defendant Cordova stated that he conducted a review of his records and never employed any individual named "Pedro" *See* Gallaway Decl. Ex. A.

factual detail about the other employees, such as when they had conversations about not receiving minimum wage or overtime compensation with fellow employees). Plaintiff's allegations are lacking any specificity as to the wages, hours and policies that applied to the other Employees who allegedly worked for Defendants. Moreover, Plaintiff's declaration does not even mention the schedule that the two potential opt-ins worked or whether they worked part-time or full-time. As such, Plaintiff is silent with respect to the other two potential opt-ins' weekly schedule and salaries.

As low as the bar for conditional certification may be, it cannot be said that Plaintiff, through his own unsupported assertions in his declaration, successfully offered actual evidence that he is similarly situated with potential opt-in Employees. As noted above, Plaintiffs' declaration only identifies two other Employees, only by first name, without any further context. Of these two employees, one submitted a declaration attesting that Plaintiff's allegations are without merit, and the other purported employee never worked for Defendants. It is thus clear that Plaintiff's declaration does not hold any degree of reliability and this Court should disregard it. The declaration plainly demonstrates that Plaintiff's shotgun motion for conditional certification is an attempt to convert this action into a collective, without a shred of evidence in support.

Because Plaintiff is unable to provide any evidence beyond his own vague statements, denial of their motion is warranted. *See Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542 at *2 (denying plaintiff's motion for conditional certification because "[p]laintiff does not…provide *any* detail as to a *single* such observation or conversation [and] [a]s a result, the [c]ourt does not know where or when these observations or conversations occurred, which is critical in order for the [c]ourt to determine the appropriate scope of the proposed class and notice process.") (emphasis in original); *Levinson v. Primedia Inc.*, 2003 WL 22533428 at *2 (denying plaintiff's request for notice to potential class members where plaintiff failed to support their allegations of a company-

wide policy with a factual showing that extended beyond their own circumstances); *Prizmic v. Armour, Inc.*, 2006 WL 1662614 at *2 ("…actual evidence of a factual nexus between [plaintiff's] situation and those they claim are similarly situated, rather than mere conclusory allegations" are required). Plaintiffs' total inability to proffer any specificity with regard to the alleged underpayment of putative class members is fatal to their motion.

### C. Plaintiffs Have Failed to Set Forth a Common Illegal Policy or Practice

Plaintiff has additionally failed to allege that the potential opt-ins were subject to a common illegal policy. In *Sanchez*, the court denied plaintiff's motion for conditional certification because the court found the record proffered by the plaintiff was insufficient to support "even an inference that a common policy or plan that violated the law existed with respect to this variety of potential opt-in plaintiff." *Sanchez v. JMP Ventures, L.L.C.*, 2014 WL 465542 at *1. *See also Eng-Hatcher v. Sprint Nextel Corp.*, 2009 WL 7311383 (S.D.N.Y. 2009). In denying the plaintiff's motion for collective certification, the court in *Eng-Hatcher* noted that the plaintiff claimed that defendant's illegal policies affected other employees, but that the plaintiff provided no details about her conversations with other employees and provided no affidavits from potential plaintiffs. *Id*. The court determined that the plaintiff's general statements in her deposition that she "would have conversations" with a co-worker who said "she didn't get paid overtime" were insufficient to show that there were illegal practices that applied to others. *Id. See also Morales v. Plantworks, Inc.*, 2006 WL 278154 at *2 ("they make no allegations of a common policy or plan to deny plaintiffs overtime."). As Plaintiff's allegations are also lacking any specificity as to the wages, hours and policies that applied to the other Employees who worked for Defendants, Plaintiff has failed to demonstrate even an inference of a common illegal policy purportedly affecting all other Employees, let alone that they are similarly situated.

### D. Plaintiff's Proposed Notice and Scope of the Collective Class

Defendants submit that a collective action should not be conditionally certified, and notice should not be authorized as Plaintiff has failed to meet this Circuit's standard for conditional certification of a collective action. However, should this Court conditionally certify a collective action, Defendants respectfully request that they be permitted to promptly submit a counter-proposed notice and consent to join form for the Court's consideration.

Additionally, to the extent that the Court grants Plaintiff's motion, Defendants request that the collective be modified to exclude any of the eight Employees who previously submitted sworn declarations negating Plaintiff's allegations and who testified that they were always properly compensated.

### CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's motion in its entirety, and grant Defendants such other and further relief as the Court deems just and proper.

Dated: New York, NY
December 15, 2021

Respectfully submitted,

McLAUGHLIN & STERN, LLP

Brett R. Gallaway, Esq.
260 Madison Avenue
New York, NY 10016
Telephone: (212) 448-1100
bgallaway@mclaughlinstern.com

*Attorneys for Defendants*