UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JACINTO LADINO,

                              Plaintiff,                  **REPORT AND**
                                                                **RECOMMENDATION**
          -against-                                  21-CV-2449-ARR-SJB

MARCOS CORDOVA and THE RIDGEWOOD ALE
HOUSE INC.,

                              Defendants.
-----------------------------------------------------------------X
**BULSARA, United States Magistrate Judge:**

        On May 3, 2021, Plaintiff Jacinto Ladino ("Ladino") brought this action against The Ridgewood Ale House Inc. ("Ridgewood Ale") and Marcos Cordova ("Cordova") (collectively, "Defendants"), alleging claims under the Fair Labor Standards Act, 29 U.S.C. §§ 201–219 and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 160–199. (Compl. dated May 3, 2021 ("Compl."), Dkt. No. 1).  On April 28, 2023, Judge Allyne R. Ross entered default judgment against the Defendants as to liability.  (Order Default J. dated Apr. 28, 2023 ("Default J. Order"), Dkt. No. 95).  Ladino then filed a motion for default judgment for potential damages on his claims.  (Notice of Mot. for Default J. filed June 15, 2023 ("Notice of Mot."), Dkt. No. 104).  For the reasons stated below, it is respectfully recommended Ladino be awarded damages as indicated herein.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

        The Court assumes familiarity with the facts and procedural history of this case, as detailed in Judge Ross's Opinion and Order dated April 12, 2023 (the "April Order"), in which Judge Ross denied Defendants' motion for summary judgment. *Ladino v. Cordova*, No. 21-CV-2449, 2023 WL 2915402, at *1–*2 (E.D.N.Y. Apr. 12, 2023); (*see* Dkt. No. 93).  Shortly after the April Order, Defendants filed a letter indicating that their

business is closing and that they consent to a default being entered against both of them as to liability only to allow Ladino to pursue a damages inquest. (Letter dated Apr. 28, 2023, Dkt. No. 94). Judge Ross granted the default against Defendants as to liability only, dismissed all claims against the third-party defendant Louie Selamaj without prejudice, and referred Ladino's anticipated damages inquest to the undersigned. (Default J. Order at 1–2).

Ladino commenced this action on May 3, 2021. (Compl.). He alleged five causes of action: (1) failure to pay wages under NYLL; (2) failure to pay overtime wages under FLSA; (3) failure to pay overtime wages under NYLL; (4) failure to provide a wage notice under NYLL § 195(1); and (5) failure to provide wage statements under NYLL § 195(3). (*Id.* ¶¶ 55–79).

Ladino seeks recovery of: (1) $1,600.00 in unpaid wages; (2) $65,401.88 in unpaid overtime wages; (3) $67,001.88 in liquidated damages on his overtime and unpaid wages claims; (4) $5,000 in penalties for not receiving required wage notices; (5) $5,000 in penalties for not receiving required wage statements; (6) $23,815.89 in pre-judgment interest; (7) $37,593.80 in attorney's fees; (8) $3,904.10 in costs; and (9) post-judgment interest. (Jacinto Ladino Summary of Damages ("Damages Calculations"), attached as Ex. A to Decl. of Jacob Aronauer dated June 8, 2023 ("Aronauer Decl."), Dkt. No. 105 at 1; Mem. of Law at 20). No opposition to the motion was filed.

DISCUSSION

I. Liability

In light of their consent to default as to liability, Defendants have admitted liability to each of the causes of action asserted in the Complaint. (Default J. Order at 1).

2

Therefore, the Court need not engage in the traditional inquiry for obtaining a default judgment, and the Court may proceed to determining damages owed by Defendants. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

II.   <u>Damages</u>

"While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup*, 973 F.2d at 158. "Although the default establishes a defendant's liability, unless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Griffiths v. Francillon*, No. 10-CV-3101, 2012 WL 1341077, at *1 (E.D.N.Y. Jan. 30, 2012) (quotations and citations omitted), *report and recommendation adopted*, 2012 WL 1354481, at *2 (Apr. 13, 2012). "The court must conduct an inquiry to ascertain the amount of damages with reasonable certainty." *Joe Hand Promotions, Inc. v. El Norteno Rest. Corp.*, No. 06-CV-1878, 2007 WL 2891016, at *2 (E.D.N.Y. Sept. 28, 2007) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1992)). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012) (adopting report and recommendation) (collecting cases).

That being said, because under FLSA "[t]he burden is on an employer properly to record hours," a "plaintiff need not compute FLSA damages with precision." *Harold Levinson Assocs., Inc. v. Chao*, 37 F. App'x 19, 20–21 (2d Cir. 2002). An employee may meet his burden of showing the amount and extent of his hours worked through his own recollection. *See Pineda*, 831 F. Supp. at 674. As such, "[i]n a FLSA case, in the absence

3

of rebuttal by defendants, plaintiffs' recollection and estimates of hours worked are presumed to be correct." *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08-CV-6071, 2009 WL 289653, at *3 (S.D.N.Y. Jan. 30, 2009) (collecting cases), *report and recommendation adopted*, 2009 WL 513371, at *1 (Feb. 27, 2009); *see also McLean v. Wayside Outreach Dev. Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (holding that district court did not abuse its discretion by failing to hold a hearing to determine damages where the court relied on "a single affidavit only partially based upon real numbers" (citations omitted)).

    A. <u>NYLL Unpaid Minimum Wages</u>

NYLL requires that a plaintiff be paid at or above the minimum wage rate. *See* NYLL § 652(1)(a). From December 31, 2018 to January 1, 2024, the minimum wage rate for New York City employers with eleven or more employees was $15.00 per hour. *Id.* Ladino alleges in the Complaint that he was paid $800 per week between July 2017 and October 19, 2019. (Compl. ¶ 47). He further alleges that Defendants never paid him for the two weeks between October 6, 2019 and October 19, 2019. (*Id.* ¶ 51). Thus, Ladino seeks $1,600.00 in unpaid wages under NYLL. (Damages Calculations at 1; *see* Decl. of Jacinto Ladino dated May 30, 2023 ("Ladino Decl."), Dkt. No. 106 ¶ 14).

The Court finds these amounts are pled with reasonable certainty and thus recommends that Ladino be awarded $1,600.00 in unpaid minimum wages.[1]

---

[1] For the two weeks between October 6, 2019 and October 19, 2019, Ladino "worked [his] normal hours for Defendants." (Ladino Decl. ¶ 14). Ladino normally worked 50.5 hours per week. (Damages Calculations at 2–4; Mem. of Law at 13). Beginning in June 2017, Defendants paid him $800 per week for 50.5 hours. (Ladino Decl. ¶ 13). Defendants did not pay him $800 for the week of October 6, 2019, or the week of October 12, 2019. (*Id.* ¶ 14; Damages Calculations at 4).

4

B.  <u>Unpaid Overtime Wages</u>

Both federal and state law require that employers pay employees a 50% premium for their overtime hours—that is, the hours in excess of 40 that they have worked in each work week.  29 C.F.R. § 778.105; N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.4. Although Defendants are liable under both FLSA and NYLL for failing to pay Ladino's overtime wages, Ladino cannot recover unpaid overtime compensation under both statutes for any period of overlapping work.  *See Pinzon v. Paul Lent Mech. Sys. Inc.*, No. 11-CV-3384, 2012 WL 4174725, at *3 (E.D.N.Y. Aug. 21, 2012) (holding that a plaintiff may "not double dip" or obtain a "double recovery" of unpaid overtime wages under FLSA and NYLL), *report and recommendation adopted*, 2012 WL 4174410, at *1 (Sept. 19, 2012).  "If a plaintiff is entitled to damages under both federal and state wage law, the Court has discretion to award [that plaintiff] damages under the statute providing the greatest amount of relief." *Gamero v. Koodo Sushi Corp.*, No. 15-CV-2697, 2017 WL 4326116, at *11 (S.D.N.Y. Sept. 28, 2017) (alteration in original) (quotations omitted).

The Court recommends Ladino be awarded recovery for unpaid overtime wages of $65,401.88.[2]

To calculate the sum of unpaid overtime, the Court must first calculate the regular rate of pay.  For employees compensated on a "weekly salary basis" like Ladino, the "regular hourly rate of pay, on which time and a half must be paid, is computed by

---

[2] Ladino calculated the award under both statutes.  However, he claims $41,146.88 in overtime damages under NYLL for the period between August 1, 2015 and May 3, 2018, and $24,255.00 under FLSA for the period between May 4, 2018 and October 19, 2019.  (Mem. of Law at 14).  He then calculated the sum of those two amounts and claims that his "total compensatory damages for unpaid overtime wages is $65,401.88." (*Id.*).  This sum matches the Court's calculations, as demonstrated below.

5

dividing the salary by the number of hours which the salary is intended to compensate." 29 C.F.R. § 778.113(a). "[T]here is a rebuttable presumption that a weekly salary covers 40 hours[.]" *Shen v. GJ Grp. USA Inc.*, No. 19-CV-2212, 2021 WL 8317105, at *9 (E.D.N.Y. Sept. 8, 2021) (quotations omitted), *report and recommendation adopted*, Order (Sept. 28, 2021). "The employer can rebut the presumption by showing an employer-employee agreement that the salary cover[s] a different number of hours." *Id.* (alteration in original) (quotations omitted). By virtue of their default, Defendants have failed to rebut the presumption that the weekly salary was for 40 hours of work. *See, e.g.*, *Brito v. ATA Freight Line, Ltd.*, No. 20-CV-3132, 2021 WL 7830146, at *8 (E.D.N.Y. Aug. 24, 2021) (applying the FLSA presumption on default); *Perez v. Platinum Plaza 400 Cleaners, Inc.*, No. 12-CV-9353, 2015 WL 1881080, at *2 (S.D.N.Y. Apr. 24, 2015) (finding defendants failed to rebut the presumption because "the record [was] completely devoid of any evidence of an agreement or understanding between Plaintiffs and Defendants regarding what the weekly salary was intended to cover").

  Between August 2015 and June 2017, Ladino was paid a flat sum of $700 per week. (Compl. ¶ 46). Between July 2017 and October 19, 2019, he was paid a flat sum of $800 per week. (*Id.* ¶ 47). Throughout his entire time while working at Ridgewood Ale, he worked six days a week, regularly working between seven to ten hours per day. (*Id.* ¶¶ 42–45). Thus, Ladino alleges, in his Complaint and his Damages Calculations, that he worked 50.5 hours per week throughout his employment, of which 10.5 hours would constitute overtime. (Damages Calculations at 2–4; *id.* at 5 (calculating 49 hours per week for his regular schedule, plus 3 hours per week for additional hours on Fridays and Saturdays, minus 1.5 hours per week for a 15-minute meal break per shift); Mem. of Law

6

at 13).[3] Ladino's regular rate of pay between August 2015 and June 2017 was $17.50 per hour ($700/40); his regular rate of pay between July 2017 and October 2019 was $20.00 per hour ($800/40). (*See* Damages Calculations at 2–4).

The overtime hourly rate is 1.5 times the hourly rate, which results in Ladino being owed $26.25 for each overtime hour worked between August 1, 2015 and June 30, 2017, and $30.00 for each overtime hour worked between July 1, 2017 and October 19, 2019. The Court's calculations are set out below.

|  | **Aug. 2015– June 2017** | **July 2017– Oct. 19, 2019** | **Total** |
|---|---|---|---|
| **Hours Per Week** | 50.5 | 50.5 | |
| **Weekly Salary** | $700.00 | $800.00 | |
| **Regular Hourly Rate** | $17.50 | $20.00 | |
| **NYLL and FLSA Overtime Rate** | $26.25 | $30.00 | |
| **Weekly Overtime Hours** | 10.5 | 10.5 | |
| **Weekly Overtime Wages Owed** | $275.63 | $315.00 | |
| **Weeks Worked** | 99 | 121 | |
| **Total Overtime Wages Owed** | $27,286.88 | $38,115.00 | $65,401.88 |

The Court thus recommends that Ladino be awarded the amount of $65,401.88 in unpaid overtime damages.

C. Liquidated Damages

Ladino seeks liquidated damages under FLSA and NYLL. (Mem. of Law at 14–15).

---

[3] At his deposition, Ladino asserted that he worked approximately 60 hours per week; however, in the Complaint and his declaration, he asserted that he worked 50.5 hours per week. (Mem. of Law at 13). Ladino seeks recovery for 50.5 hours, as asserted in the Complaint. (*Id.*; *see* Compl. ¶¶ 41–45). Since the Court is awarding Ladino damages based on the lower number of hours alleged in the Complaint—an allegation the Defendants have conceded, by virtue of default—the Court need not determine whether Ladino's recollection of 60 hours of work is entitled to any weight.

7

An employee can recover liquidated damages under NYLL "unless the employer proves a good faith basis for believing that its underpayment of wages was in compliance with the law." NYLL § 198(1-a). For all NYLL claims that accrued on or after April 9, 2011, an employer is liable for liquidated damages equal to one hundred percent of the total amount of wages found to be due. *Id.* § 663(1).

In light of the default by Defendants, there has been no showing that they acted in good faith or that the Court should exercise its discretion to deny liquidated damages. *See Brock v. Wiliamowsky*, 833 F.2d 11, 19 (2d Cir. 1987) (noting that employer bears burden of establishing good faith defense under FLSA through "plain and substantial evidence"); *Khan v. IBI Armored Servs., Inc.*, 474 F. Supp. 2d 448, 459 (E.D.N.Y. 2007) ("Simply put, double damages are the norm, single damages the exception, the burden on the employer." (quotations and citation omitted)); *Xochimitl v. Pita Grill of Hell's Kitchen, Inc.*, No. 14-CV-10234, 2016 WL 4704917, at *15 (S.D.N.Y. Sept. 8, 2016), *report and recommendation adopted*, 2016 WL 6879258, at *1 (Nov. 21, 2016). Therefore, the Court recommends that liquidated damages be awarded under NYLL.

Based on the recommendation that Ladino be awarded $65,401.88 in unpaid overtime wages, and $1,600.00 in unpaid minimum wages under NYLL, the Court recommends that Ladino be awarded $67,001.88 in liquidated damages.

D. <u>Wage Theft Prevention Act Damages</u>

Ladino worked for Defendants for approximately four years. For the wage notice claim, he is entitled to recover $50 per day up to a maximum of $5,000. NYLL § 198(1-b). For the wage statement claim, he is entitled to recover $250 per day up to a maximum of $5,000. *Id.* § 198(1-d). Because Ladino never received a wage notice or wage statements from Defendants, and because he worked for Defendants for well over

8

100 days, he is entitled to the statutory maximum of $5,000 under each provision. *E.g.*, *Diaz v. KC Plumbing, LLC*, No. 19-CV-4321, 2021 WL 7500316, at *9 (E.D.N.Y. Mar. 1, 2021), *report and recommendation adopted*, Order (Mar. 23, 2021); *De Los Santos v. Marte Constr., Inc.*, No. 18-CV-10748, 2020 WL 8549054, at *8 (S.D.N.Y. Nov. 25, 2020), *report and recommendation adopted*, 2020 WL 8549055, at *2 (Dec. 17, 2020). Therefore, Ladino should be awarded a total of $10,000 in WTPA damages.

  E. <u>Pre-Judgment Interest</u>

Ladino also seeks pre-judgment interest. (*See* Mem. of Law at 16–17). "NYLL permits the award of both liquidated damages and pre-judgment interest." *Fermin*, 93 F. Supp. 3d at 48.[4] Ladino is entitled to an award of pre-judgment interest on his NYLL damages at a rate of 9% per year. N.Y. C.P.L.R. § 5004. Where, as here, unpaid wages are "incurred at various times, interest shall be computed . . . from a single reasonable intermediate date." *Id.* § 5001(b); *Coulibaly v. Millennium Super Car Wash, Inc.*, No. 12-CV-4760, 2013 WL 6021668, at *15 (E.D.N.Y. Nov. 13, 2013) (adopting report and recommendation). Courts have discretion in choosing a reasonable date from which to calculate pre-judgment interest. *See Fermin*, 93 F. Supp. 3d at 49 ("Courts applying N.Y. CPLR § 5001 have wide discretion in determining a reasonable date from which to award pre-judgment interest[.]" (quotations omitted)). The most commonly used intermediate date is the "median date between the earliest ascertainable date the cause

---

[4] Pre-judgment interest is calculated based on the unpaid wages due under NYLL only, not on liquidated damages. And pre-judgment interest is not available for violations of the wage statement or wage notice provisions of NYLL. *See Jin Li v. W. Metal Work & Supply, Inc.*, No. 17-CV-1015, 2019 WL 2436275, at *6 n.7 (E.D.N.Y. Feb. 27, 2019), *report and recommendation adopted*, 2019 U.S. Dist. LEXIS 56849, at *1 (Mar. 29, 2019).

9

of action existed and the date the action was filed. . . ." *See, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 93 (E.D.N.Y. 2012) (collecting cases).

The recommended unpaid overtime and minimum wage recoveries available under NYLL are $67,001.88. Ladino began working for Defendants in August 2015 and completed his employment on October 19, 2019. (Compl. ¶ 32). Although Ladino does not provide a specific date that he commenced employment, his damages calculations begin for the week ending on August 8, 2015. (Damages Calculations at 2). Thus, the Court uses August 3, 2015 as Plaintiff's first date of work. The Complaint was filed on May 3, 2021. There are 2,100 days, or about 300 weeks, between these dates. Half of 2,100 is 1,050; 1,050 days from August 3, 2015 is June 18, 2018. The Court recommends that pre-judgment interest be awarded by the Clerk of Court in a daily amount of $16.52 per day from June 18, 2018, until the date final judgment is entered.[5]

F. Post-Judgment Interest

Ladino also requests post-judgment interest pursuant to 28 U.S.C. § 1961. (Mem. of Law at 17). "The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996) (quoting 28 U.S.C. § 1961(a)). The Court therefore recommends a post-judgment interest award on the total damages, at the rate set forth in 28 U.S.C. § 1961, calculated from the date on which the Clerk of Court enters judgment until the date of payment. *See Fermin*, 93 F. Supp. 3d at 53 (listing cases and awarding post-judgment interest in FLSA cases).

---

[5] The total amount ($67,001.88) at nine percent annually results in approximately $6,030.17 per year in interest, or $16.52 per day based on 365 days per calendar year.

10

IV. Attorney's Fees and Costs

It is well-settled that FLSA and NYLL provide for an award of reasonable attorney's fees and costs to a prevailing plaintiff. *See* 29 U.S.C. § 216(b) ("The court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); NYLL § 198(1-a) ("In any action instituted in the courts upon a wage claim by an employee or the commissioner in which the employee prevails, the court shall allow such employee to recover . . . all reasonable attorney's fees[.]"). By virtue of the entry of default judgment, Ladino is a prevailing Plaintiff. The "starting point" for determining the amount of attorney's fees to be paid by Defendants is calculation of the "lodestar," which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

When assessing whether legal fees are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by examining what reasonable clients would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. *Id.* The next step is to determine the reasonableness of the hours expended by counsel. *See, e.g.*, *LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 U.S. Dist. LEXIS 125161, at *9 (E.D.N.Y. Feb. 26, 2008), *report and recommendation adopted*, 2008 U.S. Dist. LEXIS 21770, at *3 (Mar. 17, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary. *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (citing

11

*Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)) (adopting report and recommendation). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Finkel v. Captre Elec. Supply Co.*, No. 14-CV-3584, 2015 WL 5316257, at *5 (E.D.N.Y. July 31, 2015) (quotations omitted), *report and recommendation adopted*, 2015 WL 5330388, at *1 (Sept. 11, 2015).

    A.  <u>Hourly Rate</u>

Turning first to the reasonable hourly rate, the Court first examines the experience and qualifications of counsel seeking the fee award. In determining the lodestar, courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotations omitted). "Courts in the Eastern District have recently awarded hourly rates ranging from $300 to $450 for partners, $200 to $325 for senior associates, $100 to $200 for junior associates, and $70 to $100 for legal support staff in FLSA cases." *Diaz v. Rene French Cleaners, Inc.*, No. 20-CV-3848, 2022 WL 4646866, at *13 (E.D.N.Y. Aug. 29, 2022) (quotations omitted), *report and recommendation adopted*, 2022 WL 4662247, at *1 (Sept. 30, 2022). "The burden is on the party moving for attorney's fees to justify the hourly rates sought." *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466, 2014 WL 1237448, at *5 (E.D.N.Y. Feb. 4, 2014) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)), *report and recommendation adopted*, 2014 WL 1237127, at *1 (Mar. 25, 2014). That is, "the fee applicant [has the burden] to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill,

12

experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); *see also Farbotko v. Clinton County*, 433 F.3d 204, 208 (2d Cir. 2005) ("The relevant community . . . is the district in which the court sits.").

Jacob Aronauer represents Ladino and seeks attorney's fees for himself and nine paralegals. (Aronauer Decl. ¶¶ 24, 27; Mem. of Law at 19). Aronauer, founder of his solo practice, requests an hourly rate of $415 for 2021 and 2022, and $425 for 2023. (Aronauer Decl. ¶¶ 30–31). He founded the firm nearly ten years ago and since then has practiced plaintiff-side employment law, including wage and hour cases. (*Id.* ¶ 33). Although his requested rate is within the range of that awarded to partners in this district, the Court declines to award him an amount at the upper end of this range. As discussed by Judge Ross in her denial of Defendants' motion for summary judgment, "[a] review of the docket sheet reveals that the parties engaged in unnecessary motion practice" and "unprofessional conduct throughout this case." *Ladino*, 2023 WL 2915402, at *7. There is nothing about this FLSA case that was particularly complex. It did not involve novel issues of law, complicated facts, or a multitude of parties. While counsel for both sides tried to make this case more complex, their attempts to do so failed. The motion for conditional class certification was denied. (Order dated Apr. 14, 2022, Dkt. No. 63). Multiple discovery motions and motions for sanctions were also denied. (*E.g.*, Order dated Mar. 3, 2022; Order dated Mar. 16, 2022; Order dated Apr. 19, 2022). "In light of a lack of complexity and middling performance, there is no cause to award the highest hourly rate." *Zang v. Daxi Sichuan, Inc.*, No. 18-CV-6910, 2023 WL 2305934, at *4 (E.D.N.Y. Mar. 1, 2023). As such, the Court reduces Mr. Aronauer's hourly rate to $315 for all hours expended on this case. *See, e.g., id.*

13

Plaintiff also seeks attorney's fees for nine paralegals: Corey Shotwell, Maria Rojas, Alicia Mitre, Sydney Krastins, Karin Weston, Michael Terlizzi, Sian Ricketts, Elizabeth Heit, and Roosevelt Ettienne.  (Aronauer Decl. ¶¶ 24, 27; Mem. of Law at 19).  Plaintiff requests an hourly rate of $165 for each paralegal.  (Mem. of Law at 19).  The typical range of awarded hourly rates for legal support staff is $70 to $100.  *Diaz*, 2022 WL 4646866, at *13.  Plaintiff seeks a rate higher than what is typically awarded to paralegals in this district; indeed, it is higher than what some courts in this district have awarded to junior associates.  *See Zhong Fa Qin v. Sensation Neo Shanghai Cuisine, Inc.*, No. 15-CV-6399, 2018 WL 5456653, at *9 (E.D.N.Y. Aug. 9, 2018) (finding $100 per hour reasonable for a junior associate's work on a FLSA default judgment motion), *report and recommendation adopted*, 2018 WL 4853041, at *1 (Oct. 4, 2018).  Furthermore, he provides no information about these paralegals' individual experiences or work history to allow the Court to justify awarding this higher rate.  *See, e.g.*, *Tarazona v. Rotana Cafe & Rest. Inc.*, No. 16-CV-76, 2017 WL 2788787, at *2 (E.D.N.Y. June 27, 2017) (reducing a requested hourly rate of $125 to $75 per hour for a paralegal with ten years of experience).  Because of the lack of information about these paralegals, the Court recommends that their hourly billing rate be reduced across the board to $70 per hour.  *See, e.g.*, *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 214 (E.D.N.Y. 2019) (reducing fee award for paralegal to the "lowest in the applicable range" because plaintiff "fail[ed] to identify or provide background information on the paralegal involved in the case"); *see also Payamps v. M & M Convenience Deli & Grocery Corp.*, No. 16-CV-4895, 2019 WL 8381264, at *16 (E.D.N.Y. Dec. 9, 2019) (collecting cases), *report and recommendation adopted*, Order (Mar. 31, 2020).

14

B.  Hours Expended

Turning to the reasonableness of time expended, courts look to the "contemporaneous time records" of the attorneys.  The Second Circuit requires that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . document the application with contemporaneous time records."  *N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).  Those records "should specify, for each attorney, the date, the hours expended, and the nature of the work done."  *Id.*  To be contemporaneous, the time records "must be made . . . while the work is being done or . . . immediately thereafter."  *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010).  "Descriptions of work recollected in tranquility days or weeks later will not do."  *Id.*  "The contemporaneous time records requirement is strictly enforced[.]"  *Valentine v. Aetna Life Ins. Co.*, No. 14-CV-1752, 2016 WL 4544036, at *7 (E.D.N.Y. Aug. 31, 2016).

"[C]ourts are . . . expected to take into account their own familiarity and experience both 'generally' and with the particular case at hand, rather than attaining 'exactitude' with respect to each individual billing entry."  *See Concrete Flotation Sys., Inc. v. Tadco Constr. Corp.*, No. 07-CV-319, 2010 WL 2539771, at *7 (E.D.N.Y. Mar. 15, 2010) (citing *Clarke v. Frank*, 960 F.2d 1146, 1153 (2d Cir. 1992)), *report and recommendation adopted*, 2010 WL 2539661 (June 17, 2010).  "The court must assess whether the hours expended by plaintiff's counsel were reasonable, and exclude any hours that were excessive, redundant, or otherwise unnecessary to the litigation."  *See Nuriddinov v. Masada III, Inc.*, No. 15-CV-5875, 2017 WL 9253401, at *12 (E.D.N.Y. July 24, 2017), *report and recommendation adopted*, 2018 WL 1251335 (Mar. 12, 2018).  Courts have "the authority to make across-the-board percentage cuts in hours as

15

a practical means of trimming fat from a fee application." *In re Agent Orange Prod. Liab. Litig.*, 818 F.2d 226, 237 (2d Cir. 1987) (quotations omitted).

Counsel submitted contemporaneous billing records showing the legal services rendered for work performed, including the dates that the services were provided, the amount of time expended, and a brief description of each task performed. (*See* Contemporaneous Time Entries dated June 8, 2023 ("Contemporaneous Time Entries"), attached as Ex. B to Aronauer Decl.). According to the billing records submitted, Mr. Aronauer and his firm's paralegals spent a total of 123.12 hours (68.99 hours by Mr. Aronauer and a combined 54.13 hours by his nine paralegals) on this case. (*Id.*; Aronauer Decl. ¶ 24). The Court finds these hours excessive and unnecessary for a number of reasons and recommends an across-the-board percentage cut.

*First*, a reduction is warranted because the hours requested include non-compensable work by the paralegals. For example, Plaintiff includes hours spent translating declarations and the mediation for Ladino. (*E.g.*, Contemporaneous Time Entries at 2 (attributing 2.00 hours to Ms. Mitre for "attend[ing] mediation to translate")). Courts in this Circuit have rejected translation services as "legal work" for which attorney's fees may be awarded. *See, e.g., Run Guo Zhang v. Lin Kumo Japanese Rest. Inc.*, No. 13-CV-6667, 2015 WL 5122530, at *3 (S.D.N.Y. Aug. 31, 2015) ("Translation . . . is not legal work[.]"); *Wang v. XBB, Inc.*, No. 18-CV-7341, 2023 WL 2614143, at *9 n.10 (E.D.N.Y. Mar. 23, 2023) (rejecting counsel's effort to recover attorney's fees for translation services as "improper[]" for "non-legal work"). The Court thus declines to award attorney's fees for those hours.

*Second*, counsel has billed time for clerical tasks. (*E.g.*, Contemporaneous Time Entries at 2 (billing time for creating final PDFs and drafting cover pages)). "[D]istrict

16

courts have the legal authority and discretion to either reduce an attorney's hourly rate for time spent on clerical tasks or apply an across-the-board reduction to the hours billed or total fee award to account for time spent on clerical tasks (or block-billed time entries reflecting a mix of clerical and legal work)[.]" *Lilly v. City of New York*, 934 F.3d 222, 234 (2d Cir. 2019).

*Third*, a reduction is warranted because a significant number of hours were expended on meritless and unsuccessful motion practice. As Judge Ross previously noted, there was significant time-wasting in this case, including the fact that "the attorneys engaged in lengthy and time-wasting personal attacks during depositions." *Ladino*, 2023 WL 2915402, at *8. "This is a litigation unnecessarily prolonged by unmeritorious discovery motions," *Zang*, 2023 WL 2305934, at *9, including unsuccessful motions for sanctions. (*E.g.*, First Mot. for Sanctions dated Feb. 28, 2022, Dkt. No. 52; Order dated Mar. 3, 2022 (denying first motion for sanctions)).

> Although the Court need not reduce the fee award for every unsuccessful motion over the course of a litigation, generally the denial of a class or collective action certification motion justifies a reduction in fees, given the impact that such certification may have on the quantity and quality of the available relief. Likewise, courts reduce attorney's fees for work done on motions that were never filed, on claims that were abandoned, on motions that were unreasonable or had little chance of success, and on submissions that failed to comply with court orders.

*Zang*, 2023 WL 2305934, at *9 (citations and quotations omitted).

In light of the non-legal work included in counsel's time logs and the unmeritorious motion practice, the Court recommends that the total amount of hours be reduced by 25% across the board. This results in the following fee calculations, based upon the adjusted hourly rates:

17

|  | Mr. Aronauer | Paralegals | Total |
|---|---|---|---|
| **Requested Billing Rate** | $415.00 for 2021–2022<br>$425.00 for 2023 | $165.00 |  |
| **Awarded Billing Rate** | $315.00 | $70.00 |  |
| **Requested Hours Billed** | 68.99 | 54.13 |  |
| **25% Reduction in Hours** | 51.74 | 40.61 |  |
| **Attorney's Fees** | $16,298.10 | $2,842.70 | $19,140.80 |

The following fee calculations for each paralegal are appropriate:

| Paralegals | Mr. Shotwell | Ms. Rojas | Ms. Mitre | Ms. Krastins |
|---|---|---|---|---|
| **Requested Billing Rate** | $165.00 | $165.00 | $165.00 | $165.00 |
| **Awarded Billing Rate** | $70.00 | $70.00 | $70.00 | $70.00 |
| **Requested Hours Billed** | 5.68 | 3.21 | 2.67 | 10.60 |
| **25% Reduction in Hours** | 4.26 | 2.41 | 2.00 | 7.95 |
| **Attorney's Fees** | $298.20 | $168.70 | $140.00 | $556.50 |

| Paralegals | Ms. Weston | Mr. Terlizzi | Ms. Ricketts | Ms. Heit |
|---|---|---|---|---|
| **Requested Billing Rate** | $165.00 | $165.00 | $165.00 | $165.00 |
| **Awarded Billing Rate** | $70.00 | $70.00 | $70.00 | $70.00 |
| **Requested Hours Billed** | 1.80 | 15.18 | 1.17 | 6.32 |
| **25% Reduction in Hours** | 1.35 | 11.39 | 0.88 | 4.74 |
| **Attorney's Fees** | $94.50 | $797.30 | $61.60 | $331.80 |

| Paralegals | Mr. Ettienne |  |  |  |
|---|---|---|---|---|
| **Requested Billing Rate** | $165.00 |  |  |  |
| **Awarded Billing Rate** | $70.00 |  |  |  |
| **Requested Hours Billed** | 7.50 |  |  |  |
| **25% Reduction in Hours** | 5.63 |  |  | Total |
| **Attorney's Fees** | $394.10 |  |  | $2,842.70 |

The Court recommends that a total of $19,140.80 be awarded for attorney's fees.

C. Costs

Counsel also seeks reimbursement for costs totaling $3,904.10, which include $402 in court filing fees, $110 in service of process costs, $575 in service of subpoenas costs, and $2,817.10 in deposition transcript costs. (Mem. of Law at 19; Costs Invoices ("Costs Invoices"), attached as Ex. C to Aronauer Decl.). Under both FLSA and NYLL, a prevailing plaintiff is entitled to recover costs from the defendant. *See* 29 U.S.C.

§ 216(b); NYLL § 663(1).  Ordinarily, plaintiffs may recover "[c]osts relating to filing fees, process servers, postage, and photocopying." *Teamsters Loc. 814 Welfare Fund v. Dahill Moving & Storage Co.*, 545 F. Supp. 2d 260, 269 (E.D.N.Y. 2008).  Plaintiffs may also recover "the costs of depositions where they appear to have been reasonably necessary to the litigation at the time they were taken." *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17-CV-3942, 2021 WL 1193144, at *6 (E.D.N.Y. Mar. 29, 2021) (alterations and quotations omitted); *see also* Local Civ. R. 54.1(c)(2).  Only those costs that are tied to "identifiable, out-of-pocket disbursements" are recoverable.  *Moon v. Gab Kwon*, 99-CV-11810, 2002 WL 31512816, at *8 (S.D.N.Y. 2002) (quoting *Kuzma v. IRS*, 821 F.2d 930, 933–34 (2d Cir. 1987)).

Ladino has submitted invoices as evidence for each of the requested costs.  (Costs Invoices).  The filing fees are also supported by the docket entry which indicates that the filing fee was paid.  (Dkt. No. 1); *see, e.g.*, *Shalto v. Bay of Bengal Kabob Corp.*, No. 12-CV-920, 2013 WL 867420, at *2 (E.D.N.Y. Mar. 7, 2013) (holding that filing fees are recoverable without supporting documentation if verified by the docket).  The Court deems these costs to be reasonable.  The Court recommends that Ladino be awarded $3,904.10 in costs.

## CONCLUSION

For the reasons stated above, it is respectfully recommended that default judgment be entered against Defendants and Ladino be awarded:

- $1,600.00 in unpaid minimum wages;
- $65,401.88 in unpaid overtime wages;
- $67,001.88 in liquidated damages;
- $10,000 in Wage Theft Prevention Act damages;

19

- Pre-judgment interest in the amount of $16.52 per day between June 18, 2018, and the day judgment is entered;

- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a);

- $19,140.80 in attorney's fees;

- $3,904.10 in costs.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this report. Failure to file objections within the specified time may waive the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[] [judge's] report operates as a waiver of any further judicial review of the magistrate[] [judge's] decision." (quotations omitted)).

Ladino is directed to serve a copy of this Report and Recommendation on Defendants and file proof of such service on the docket.

SO ORDERED.

*/s/ Sanket J. Bulsara* February 14, 2024
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York